(139 So. 478)

## CUPPLES v. CUPPLES.
### No. 31436.

Jan. 4, 1932.

Blanchard & Pyburn, of Shreveport, for appellant.

Lee & Gilmer, of Shreveport, for appellee.

ODOM, J.

Plaintiff and defendant were divorced on December 6, 1922, by decree which provided that plaintiff "do have and recover judgment against defendant J. E. Cupples, for alimony of $150.00 per month in settlement and satisfaction of the community heretofore existing between said parties as prayed for in the petition filed herein."

On December 11, 1930, defendant ruled plaintiff to show cause why the order fixing the amount of "alimony" to be paid by him should not be set aside, or the amount reduced, for the alleged reason that, since the rendition of the judgment ordering him to pay "alimony" and fixing the amount thereof, he has become financially unable to meet said payments.

Mrs. Cupples' defense is that the amount which her husband was ordered to pay her by the decree of December 6, 1922, was not alimony in the true sense, but was an amount to be paid in settlement and satisfaction of her interest in the community which existed between her and her husband, and that the rules laid down in the Civil Code, with reference to the payment of alimony, do not apply in the present case.

Upon trial, there was judgment in favor of Mrs. Cupples, defendant in rule, rejecting the demands of plaintiff in rule, from which judgment he appealed.

Mr. and Mrs. Cupples were married in 1918 and lived together as husband and wife until December, 1922, when she brought suit against him for divorce on statutory grounds. In her suit she alleged "that there is a community estate existing between her and her husband, which estate is mortgaged to secure a portion of the purchase price thereof; that petitioner desires to renounce and hereby renounces her interest in said community and in complete and final settlement thereof petitioner desires an alimony of $1800.00 per year payable monthly at the rate of $150.00 per month." She prayed that the bonds of matrimony existing between her and her husband be dissolved, that she be permitted to renounce the community and relieved "from the debts and obligations of the same, *and in settlement thereof, she be decreed* to have alimony of $1800.00 per year, payable monthly at the rate of $150.00 per month." (Italics ours.)

Defendant's answer reads as follows:

"Now into Court comes J. E. Cupples, defendant herein, and for answer to plaintiff's petition admits each and every allegation therein contained. Wherefore, premises considered, defendant admits that there should be judgment herein as prayed for."

There was judgment in accordance with the pleadings, dissolving the bonds of matrimony and decreeing "that plaintiff, Mrs. Julia Atkins Cupples, do have and recover judgment against defendant J. E. Cupples for *alimony* of $150.00 per month in *settlement and satisfaction of the community theretofore existing between said parties as prayed for in the petition filed herein.*" (Italics ours.)

This decree was rendered on December 6, 1922. Later, on the same day, Mrs. Cupples, by notarial act, declared "that she does by these presents renounce the community formerly existing between her and her said husband, relieving herself *from the obligations of said community, and in complete satisfaction and settlement of said community she has been decreed alimony as fixed in the judgment of divorce heretofore referred to.*" (Italics ours.)

It will be noted that in the petition for divorce, the judgment and the act of renunciation executed by Mrs. Cupples, the allotment or allowance of $150 per month is referred to as "alimony," and for that reason Mr. Cupples, plaintiff in rule, contends that under article 160 of the Civil Code he should now be relieved of the obligation of paying said amount, on the ground that he has not sufficient earnings or income to enable him to make the payments.

That article provides that:

"If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, *out of the property and earnings of her husband,* alimony which shall not exceed one-third of his income."

If the amount which the husband was ordered to pay his wife is "alimony" as that term is used in the Code, the husband should be relieved of its payment, or at least the

amount should be reduced, under the showing made. But it is clear enough that it was not intended that the husband should pay his wife "alimony" in the true sense, nor was he ordered to do so. The pleadings and the judgment must be construed as a whole. While the allotment is referred to as "alimony," the amount was not to be paid "out of the property and earnings of her husband," as the Code provides, but "in settlement and satisfaction of the community heretofore existing between said parties."

It matters not what these payments were called by the parties. The wife was not granted alimony. Alimony in law is an allowance made to a woman for her support or maintenance out of the estate or income of her husband, or him who was her husband. There are two kinds of alimony under the Civil Code. One is alimony pendente lite provided for by article 148, as amended by Act No. 130 of 1928, page 154. Under this article, if the wife, whether plaintiff or defendant in a suit for separation from bed and board or divorce, has not sufficient income for her maintenance pending such suit, the judge *shall allow her* a sum for her support "proportioned to her needs and to the means of her husband."

The other is provided for by article 160 of the Code and is granted only after a judgment of divorce has been obtained, and then within the discretion of the court, to be paid "out of the property and earnings of her husband," the amount not to exceed one third of his income.

The amount decreed to be due Mrs. Cupples by her husband does not fall within the provisions of either of these articles. She asked for no allowance during the pendency of the suit, nor did she thereafter ask to be paid said sum out of the property and earnings of her husband. The amount which she asked and which was granted her was in pay-

ment and settlement of her interest in the community property. She alleged, and it was admitted, that the community owned real estate. After the decree was signed, she renounced her interest therein. The property owned by the community consisted of plantations and an improved city lot in Shreveport. The husband accepted his wife's interest therein, and now owns it. He has had the possession and use of it ever since 1922, when the divorce was granted, and has received and retained whatever revenues it produced.

The testimony shows that from 1918 to the end of 1922, the years during which Mr. and Mrs. Cupples were married, Mr. Cupples was prosperous, his total net income being nearly $27,000. Whether all this was derived from the community property does not definitely appear, but presumably it did. Mrs. Cupples therefore parted with a very substantial property right when she released her interest in the community to her husband after the decree dissolving the bonds of matrimony was signed.

For this property right she was entitled to a consideration, which could have been paid in lump or globo. But for reasons which seem to have been satisfactory to both, it was agreed that, instead of a lump sum or globo settlement, Mrs. Cupples was to receive a stipulated sum each year, payable monthly, for her interest in the property. Such payments are not alimony in the sense that term is used in the Code.

This being a rule on the wife to set aside the order of court fixing "alimony," and there having been none fixed, it follows that the action must fall.

Judgment affirmed.

O'NIELL, C. J., is of the opinion that the designation of the monthly payments as "alimony" means that the duration of the pay-

ments is to be governed by the rules relating to alimony; otherwise the payments would be indeterminate.