ROGERS, Justice.
 

 Mrs. Carrie L. Wells Abbott brought suit for an absolute divorce, alleging a separation without reconciliation for more than one year after a judgment of separation from bed and board was rendered and signed. Plaintiff also asked for an allowance or pension of $50 per month under Article 160 of the Civil Code. Merle A. Abbott, the defendant, filed an exception of no cause or right of action, a plea of res judicata, and a plea in bar. The exception and pleas were referred to the merits. Defendant then answered, admitting the separation without reconciliation for more than one year after the judgment for separation from bed and board was signed, as alleged by plaintiff. He denied plaintiff’s right to a monthly allowance or pension, making a part of his answer the allegations of his plea in bar.
 

 The plea in bar is founded on an alleged agreement entered into between the parties
 
 *35
 
 at the time the judgment for a separation from bed and board was rendered and signed, in which agreement the matrimonial community and the alimony claims of the plaintiff were settled.
 

 After the trial of the issues as made up by the pleadings, the court below rendered judgment in favor of plaintiff against her husband decreeing plaintiff an absolute divorce, but rejecting her demand for alimony. Plaintiff applied for a new trial, which was denied, and the judgment was signed and filed in the district court. From that portion of the judgment which rejected her demand for alimony plaintiff has appealed.
 

 It appears from the record that in the year 1938 Merle A. Abbott sued his wife, Mrs. Carrie L. Wells Abbott, for a separation from bed and board. Mrs. Abbott reconvened and asked that a judgment of separation from bed and board be rendered in her favor. After rejecting plaintiff’s demand, the trial judge rendered a judgment on defendant’s reconventional demand, decreeing in her favor a separation from bed and board, dissolving the matrimonial community, and awarding her alimony at the rate of $35 per month, beginning April 1, 1938, and continuing for a period of twelve months from that date. The judgment, which was rendered and signed on April 30, 1938, further decreed Mrs. Abbott to be the owner in her own right of a certain lot of household furniture, one 1934 Chevrolet DeLuxe sedan, and certain described real estate situated in the City of Shreveport, free from any community or other claims on the part of her husband, who was condemned to pay all costs of the suit.
 

 Merle A. Abbott, defendant in this suit, contends that the judgment was rendered and signed in pursuance of a prior agreement with his wife, the plaintiff in this suit, in which it was stipulated that the judgment of separation from bed and board would be awarded Mrs. Abbott on her re-conventional demand; that Mr. Abbott would relinquish all his rights to the property described in his petition, and that Mrs. Abbott should be awarded alimony of $35 per month for a period of one year beginning April 1, 1938, in consideration of which Mrs. Abbott agreed to waive her right to claim further alimony.
 

 As shown by the testimony of the former counsel for Mr. Abbott given in this suit, the agreement of the parties was to be incorporated in the judgment rendered in the suit for separation from bed and board, but the trial judge refused to permit this to be done. However, notwithstanding the refusal of the trial judge to recognize the agreement, the parties, through their attorneys, announced that the agreement would stand.
 

 Mr. Abbott, the defendant in this suit, contends that as a result of the agreement he relinquished in favor of Mrs. Abbott, the plaintiff in this suit, his rights and interests in certain real estate of the value of $14,750 in the City of Shreveport, a certain lot of household furniture that cost about $3,000, and a 1934 model Chevrolet automobile. There was a mortgage of approximately $2,800 on the real estate.
 

 Defendant testified, without contradiction, that, at the time the agreement was signed and the settlement made, his wife
 
 *36
 
 received'all the property of the matrimonial community and that all he had left were the clothes he had on. In addition to the real and personal property that she obtained, Mrs. Abbott received from Mr. Abbott $35 per month for a period of twelve months, or a total of $420.
 

 Mr. Abbott contends that subsequent to the granting of the judgment of separation from bed and board and' dissolving the matrimonial community, Mrs. Abbott confirmed the agreement, and that since she has retained the benefits and advantages received thereunder, she can not be heafd to assert 'its invalidity.
 

 Mrs. Abbott, the plaintiff in this suit, contends that the agreement entered into between the parties is a nullity, because it was executed during the existence of the marriage, and that she is not legally bound thereby. Mrs. Abbott contends that she did not confirm the agreement and could not legally do so. She contends that conceding she is bound by the agreement, the agreement refers only to alimony pendente lite and not alimony following the judgment of divorce. She further contends that the title to the real estate she holds is in her name, purchased with her separate funds and as an investment, and that her husband by joining her in signing the act of sale is es-topped from claiming any interest in the property.
 

 The agreement between the parties is not in the record. Our knowledge of its contents is derived from the testimony offered on the trial of the case, a letter written by plaintiff’s attorney to defendant’s attorney, a letter written by plaintiff’s attorney to the defendant himself, and certain statements and admissions contained in the briefs filed on behalf of the litigants.
 

 In the brief filed on behalf of plaintiff, at page eight, appears the following quotation from the agreement as respects the alimony, viz., “The plaintiff (Mr. Abbott) shall be relieved from any further liability in the future, and defendant waives all her rights thereto at the expiration of April 1, 1939.” For whatever it is worth from a legal standpoint, this provision in the agreement, in our opinion, shows that plaintiff did not merely waive her right to claim alimony pendente lite.
 

 As we appreciate the issues involved in this case, it is not necessary for us to determine whether plaintiff ratified, or could legally ratify the agreement entered into with defendant, wherein the parties attempted to settle the community and alimony rights of the plaintiff. Nor is it necessary to determine the character of the title under which the real estate referred to was acquired. The fact is that under the judgment of the district court rendered and signed on April 30, 1938, Mrs. Abbott,-the plaintiff in this suit, was decreed “to be the owner in her own right” of the property, “free from any community claims or other claims on the part of” the plaintiff. Hence, Mrs. Abbott appears in this case as the owner of a valuable piece of real estate, a lot of household furniture and an automobile, invoking Article 160 of the Civil Code and asking that a pension of $50 per month be paid by her former husband.
 

 Article 160 of the Civil Code, as amended by Act No. 247 of 1916, Act No. 21 of
 
 *37
 
 1928, and Act No. 27 of the Second Extra Session of 1934, so far as it is pertinent to this case, reads as follows:
 

 “If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; * * *.
 

 “This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage.”
 

 In Player v. Player, 162 La. 229, 110 So. 332, this Court, in interpreting Article 160 of the Civil Code as amended, held that the article accords a pension to a wife who has obtained a divorce and who is in necessitous circumstances which becomes revocable when unnecessary, and when the wife contracts a second marriage. This holding was approved and followed in the case of Fortier v. Gelpi, 195 La. 449, 197 So. 138. See to the same effect Cupples v. Cupples, 173 La. 1055, 139 So. 478.
 

 In the Player case [162 La. 229, 110 So. 333] the Court said: “As the marriage is forever dissolved, there is no obligation arising from it. The law accords, not alimony in such a case, but a pension, to the unfortunate spouse who has obtained the divorce.. This pension becomes revocable in case it should become unnecessary, and in case the wife should contract a second marriage,” citing authorities.
 

 In the Fortier case [195 La. 449, 197 So. 140] the Court, in discussing the question, stated: “It [the pension] is not necessarily due the divorced wife, arising from a marriage forever dissolved. Such alimony or pension is a pure gratuity, to be granted and fixed at an amount not to exceed one-third of the husband’s income, in the discretion of the court, and is revocable when it becomes unnecessary.”
 

 The language of the codal article is clear and free from ambiguity. It restricts the right of the wife who has obtained the divorce to claim alimony from her former husband only “if she has not sufficient means for her maintenance.” All the cases interpreting the article have so held. The necessities of the wife must be such as in the discretion of the Court entitle her to an allowance out of the property and earnings of her former husband, which allowance should not exceed one-third of his income.
 

 The burden of proof is on the divorced wife claiming alimony under Article 160 of the Civil Code to show that she is in necessitous circumstances. In the absence of such proof, the Court must decline to decree that alimony is due by her former husband. Jackson v. Burns, 112 La. 854, 36 So. 756.
 

 In this case, the record shows that the plaintiff is in possession, as owner; of a piece of real estate valued in excess of $12,000 on which there is outstanding a mortgage indebtedness of only $2,800 due a building and loan association. In addition thereto, plaintiff owns an automobile and a lot of valuable household furniture. On the other hand, the defendant is not possessed of any property whatever. He is employed by the City of Shreveport as a
 
 *38
 
 radio technician at a salary which is now $133 per month. Defendant also earns an average of about $10 per month as the operator of a public address system at the municipal auditorium in the City of Shreveport, but this employment is uncertain. Defendant’s mother is a least partially if not wholly dependent upon him for her support.
 

 Plaintiff has no dependents. She rents two apartments for a total of $70 per month. Whether she has any unrented apartment or apartments is not clear from the testimony. However, plaintiff has her own apartment and the family automobile which she received in the settlement with defendant. The proof offered by plaintiff to show her necessitous circumstances is not convincing. As we read the record, after deducting the monthly installments due the building and loan association and certain other necessary expenses, she has an income of something between $30 and $40 per month, in addition to free living quarters: When the parties were living together, defendant allowed plaintiff about $50 per month for their joint household expenses.
 

 The brief filed in plaintiff’s behalf informs us that she is “a rather elderly lady,” and as she is apparently in good health, her needs can not be great.
 

 Under the provisions of Article 160 of the Civil Code, it was within the discretion of the trial judge to grant or to deny the alimony claimed by plaintiff. The discretion referred to in the codal article means sound discretion, to be exercised by the trial judge, not arbitrarily or wilfully, but with regard to what is just and proper under the facts of the case.
 

 In the exercise of the discretion expressly conferred upon him by the codal article, the trial judge, after hearing the parties, rejected plaintiff’s demand for alimony against her former husband.
 

 Our examination of the record has not disclosed that the trial judge exercised the statutory discretion vested in him on grounds or for reasons clearly untenable, or to an extent prejudicial to the plaintiff’s rights.
 

 For the reasons assigned, the judgment appealed from is affirmed.