26 So.2d 473

BLANK v. BARRILEAUX.

No. 38017.

April 22, 1946.

Rehearing Denied May 27, 1946.

Andrew H. Thalheim, of Gretna, for defendant and appellant.

James G. Schillin, of New Orleans, for plaintiff and appellee.

PONDER, Justice.

The plaintiff, Joseph Henry Blank, Jr., brought suit against his wife, Mrs. Lucille Clotilde Barrileaux, for divorce predicated on the grounds that they had lived sepa-

rate and apart for more than two years. The defendant reconvened and asked for judgment of divorce on statutory grounds. The defendant asked for the custody of their two minor children and for permanent alimony for their support. She also asked for permanent alimony for herself and for attorney's fees in the sum of $250. Upon trial the lower court dismissed the reconventional demand and awarded plaintiff a judgment of divorce. The demand for attorney's fees was rejected and the plaintiff was condemned to pay his wife the amount allotted by the United States War Department, under existing regulations, for the support of the minor children. The defendant has appealed from the judgment in so far as the lower court refused to award her permanent alimony and attorney's fees.

The questions presented on this appeal are: first, did the lower court err in refusing to grant the attorney's fees; and second, did the lower court err in refusing to grant the defendant alimony.

Under the provisions of Article 160 of the Revised Civil Code where the divorce is secured by the husband on the grounds of the married persons living separate and apart for a period of time, the court may in its discretion allow the wife alimony if she has not been at fault.

The testimony in this case is conflicting. We do not know whether the trial judge arrived at the conclusion that the wife was at fault or whether he concluded

that the wife was receiving a sufficient amount for her support under the circumstances. The trial judge did not hand down any written reasons for his judgment.

At the time that the decree was rendered by the lower court, the plaintiff was a corporal in the United States Army and entitled to pay in the amount of $66.50 per month. The plaintiff had no other income. The government deducted from his salary every month $22 which was remitted to his wife. Something over $7 was deducted for his insurance and $1.50 for laundry. After these deductions, the plaintiff was actually receiving only $35 per month. The wife was receiving $100 per month from the government for the support of herself and the two minor children. This amount was made up as follows: the $22 deducted from plaintiff's pay and an allotment of $50 for the support of the children and $28 for the support of the wife.

In addition to these amounts the wife was receiving a salary of approximately $95 per month and $10 a month rent from an apartment in their home. The home was purchased in the name of the husband and wife. The payments of the purchase price of the home of $14.24 per month was being paid by the wife.

Under such circumstances, we could not say that the trial judge abused his discretion in refusing to award the wife alimony.

It appears from the record that the trial judge did not pass on the right of the wife for alimony. The judgment is silent in this respect. Such being the case, she would not be precluded from asserting a claim for alimony at a future date if a change of conditions warranted it.

The trial court properly rejected defendant's claim for attorney's fees. All the proof offered to support this claim was the testimony of the defendant and it was very meager. In fact it consisted of only a question by her attorney, viz.: "Did I tell you the attorney's fees would be $250.-00; (answer) "Yes, you did." No evidence was tendered estimating the value of the services rendered by the attorney to show the amount claimed was reasonable. Arnold v. Arnold, 186 La. 323, 172 So. 172; Scacciaferro v. Hymel, 206 La. 973, 20 So.2d 284.

For the reasons assigned, the judgment is affirmed at appellant's cost.

O'NIELL, C. J., absent.