HAMITER, Justice.
In the district court for the Parish of Jefferson separate bills of information charged the defendant, Wilfred J. Breaux, with wilful nonsupport of his wife and child or, in other words, criminal neglect of family. In each of the two cases he was found guilty by such' tribunal, sitting as a Juvenile Court, and was sentenced to pay a fine of $125 or suffer imprisonment in the parish prison for a term of 45 days (a total of $250 or 90 days). The judge further ordered that the sentence be suspended upon defendant’s paying semi-monthly to each of the mentioned dependents alimony in the sum of $20 (a total of $80 per month).
Defendant is appealing from his conviction and sentence for the wilful nonsupport of his wife only, and he offers for our consideration one bill of exceptions.
The statute under which appellant was tried and convicted LSA-R.S. 14:74— Criminal Neglect of Family, provides, among other things, as follows: “Criminal neglect of family is the desertion or intentional nonsupport:
*420 '“(1) ''By k husband of his wife who is im destitute or necessitous circumstances; $ % ‡ »
The perfected bill of exceptions relied on here recites that the state proved during the trial that the defendant’s wife “is employed at a wage of $1.27 per hour and works an average of 40 hours weekly, thus ■earning a gross wage of $50.80 weekly, a net weekly wage of $40.60; and that she and the child of the marriage live in a house which belongs to the community of acquets and gains.” A further recital in the bill of exceptions is: “And after hearing the balance of the evidence, the Judge rendered a verdict against the defendant of guilty, and to which verdict the defendant, by his counsel, then and there objected for the reason that the testimony conclusively shows that defendant’s wife is not in destitute or necessitous circumstances, but the Court overruled the defendant’s objection for the reason that the wife’s earnings cannot be considered by the Court in determining whether or not she is in necessitous circumstances, to which ruling and decision of the Court the defendant, by his counsel, then and there excepted.”
The single legal question presented for determination on this appeal, therefore, is ■whether such earnings of the wife should have been taken into consideration by the trial court,' in determining if she is in necessitous .circumstances — an essential element .of the crime charged against her husband.
The word “necessitous” is defined in Webster’s New International Dictionary, Second Edition, as:
“1. Living in, or characterized by, poverty; needy.
“2. Narrow; destitute; pinching; pinched; as, necessitous circumstances.”
This definition connotes the same meaning as does the ordinary use of the word which obviously is “needy” or “in need”. And in order to determine whether a person is needy, destitute, or in pinched circumstances, his income from all sources (whether received as wages or otherwise and whether earned by him or not) must be taken into consideration along with other circumstances.
We are supported in this view by decisions respecting awards of alimony under Article 160 of the LSA-Civil Code. True, this is a criminal proceeding, hut the situation is analogous. In Abbott v. Abbott, 199 La. 65, 5 So.2d 504, 506, this court observed that in order for a wife to recover alimony under this article she must show that she is “in necessitous circumstances”. See also Scacciaferro v. Hymel, 206 La. 973, 20 So.2d 284. and Richards v. Garth, 223 La. 117, 65 So.2d 109. In the Scacciaferro case, supra, we held that a wife who was earning $65 per month was not in necessitous circumstances. And in Bocage v. Lombard, 144 La. 1005, 81 So. 604, and Blank v. Barrileaux, 210 La. 116, 26 So.2d 473, the court considered the. earnings of *422 the divorced wife in deciding whether she was entitled to alimony under Article 160.
Our conclusion is, therefore, that the trial ‘court erred in this cause in failing to take into consideration the earnings of defendant’s wife. Whether a consideration of such income, along with other circumstances which may be present, will or should affect his finding on the question of necessitous circumstances is not presently before this court.
For the reasons assigned the conviction and sentence appealed from are reversed, annulled and set aside and the case is remanded to the trial court for further proceedings according to law and consistent with the views herein expressed.