DIXON, Justice
(dissenting).
I respectfully dissent from the denial.
This is an application for writs after the defendant was prosecuted under R.S. 14:74, and sentenced, purportedly, under R.S. 14:75.
A bill of information was filed in the 18th Judicial District Court on June 11, 1975 charging that Jeansonne “on the 1 day of Jan in the year of our Lord Nineteen Hundred and Seventy five . . . did intentionally fail to support his minor children in necessitous circumstances
After trial on July 9, 1975 defendant moved for a directed verdict, which was overruled.
The only evidence by the prosecution which concerned January in any way was that Mr. and Mrs. Jeansonne separated in the month of January, 1975. Mrs. Jean-sonne filed suit for separation in February of 1975. No part of the separation proceedings was introduced in this case. Mrs. Jeansonne testified that she left her husband, and that he “agreed with the judge” to pay her $175.00 on the 1st and $175.00 on the 15th for the support of the minor children, Larry sixteen, Ricky thirteen and Cynthia nine.
Apparently, from the testimony of Mrs. Jeansonne, when she left her husband, the children stayed with him.
At the time of the trial, Mrs. Jeansonne was back in the family home. She testified that she had been awarded the custody of the children in the separation suit in April of 1975.
Mrs. Jeansonne is employed and makes more than $80.00 a week. She testified that in February her husband gave her the entire income tax refund check for $650.00. She identified a check of March 29 for $50.00 which she had received. She testified her husband paid her $175.00 on May 1st, $150.00 on June 6th and $175.00 on June 8th. At some point she received a check for a “rebate” for $200.00.
At the time of the trial, Mr. Jeansonne was behind only one payment in the amount of $175.00.
Although the date does not appear in the record, Mr. Jeansonne bought an automobile for Larry. (He also bought one for his married son, Randy). Mrs. Jeansonne, at the time of the trial, drove her husband’s truck. She testified that she “swapped titles” with her husband in a transaction involving the truck and a boat, all community property.
Mrs. Jeansonne testified that she was satisfied with the amount she was to receive from her husband, but was dissatisfied with the regularity of the payments. There is no single word of any need or want by Mrs. Jeansonne for herself or for her children.
If this were a contempt rule for nonpayment of alimony, the judge would be justified in applying sanctions to require the regular payment of the alimony. However, the record is not definite that a judg *821 ment condemning the defendant to pay alimony has been entered.
The only finding ever made by the trial judge was that, “Well, it’s still a payment behind. She has the right to expect him to make the payments regularly.”
There is no evidence here that the defendant did not provide for the support of his children; further, there is no evidence that the children were destitute or in necessitous circumstances. Proof of necessitous circumstances is essential before there can be a conviction under R.S. 14:74. State v. Breaux, 227 La. 417, 79 So.2d 502 (1955).
We should not approve the use of R.S. 14:74 by district attorneys as a substitute for contempt proceedings to regulate alimony judgments.