51 So.2d 392

**GRAHAM v. GRAHAM.**

No. 39689.

Feb. 12, 1951.

Bryan E. Bush, Shreveport, for defendant and plaintiff in rule and appellant.

Booth, Lockard & Jack, Shreveport, for original plaintiff and defendant in rule.

PONDER, Justice.

This is an appeal from a judgment dismissing a rule to vacate a judgment for alimony.

Sam B. Graham was granted a divorce from his wife, Mary Ann Graham, on July 2, 1947. Mrs. Graham was awarded $75 a month alimony. The record shows that Mrs. Graham, on several occasions, has had to resort to the courts to enforce the payment of her alimony. Graham, in these proceedings, is seeking to have the award of alimony vacated and set aside. The low-er court, upon hearing of the proceedings, rejected his demands and dismissed the rule. He has appealed.

The appellant contends that the appellee has property of a potential income value sufficient for her support and that the alimony is not now necessary. He relies on the holding in the case of Slagle v. Slagle, 205 La. 694, 17 So.2d 923 to the effect that alimony may be adjusted to meet the changing needs of the divorced wife and the divorced husband's ability to pay, or revoked entirely if it becomes unnecessary.

It appears that Mrs. Graham received a house and lot in the settlement of the community assets when the divorce was granted. She was granted alimony at that time in the amount of $75 per month. The house has two stories; the first story is occupied by Mrs. Graham and she rents the upper floor for $40 per month. The rent she receives is her only income other than the award of alimony. Graham earns approximately $500 per month.

Graham takes the position that his divorced wife could rent the property for $150 per month and that it would be sufficient for her needs. He placed a witness on the stand who testified that he was a real estate agent and that the property could be rented for $150 per month. This witness admitted that he knew nothing of the interior of the house and that his estimate was based on his observation of the house from the outside. He admitted that he had not taken into account the regu-

lations of the O.P.A. Graham admitted that he has had a raise in wages since the award of alimony was made. He has remarried.

From our appreciation of the record, the wife is in the same condition as she was at the time the award of alimony was granted. Although Graham has remarried, he has had an increase in salary and is sufficiently able to pay the alimony.

The wife has continued to live in the house since the divorce was granted and we see no reason why she should be called upon to vacate the house and rent it. Moreover, if she did so, she would require a place in which to live which would require approximately a like expense. We would not be warranted, under the facts in this case, to revoke the award for alimony.

For the reasons assigned, the judgment is affirmed.