**(110 So. 332)**

No. 25932.

## PLAYER v. PLAYER.

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Divorce ☞199, 234.**

Under Civ. Code, art. 160, as amended by Act No. 247 of 1916, alimony may be allowed to the wife, after the dissolution of the marriage, and in a separate suit.

**2. Divorce ☞247.**

Under Civ. Code, art. 160, as amended by Act No. 247 of 1916, providing for alimony for wife who has obtained a divorce and is in necessitous circumstances, law accords a pension which becomes revocable when unnecessary, and when wife contracts a second marriage.

**3. Divorce ☞209, 219.**

Alimony paid to a wife pending a suit for divorce arises from the marriage relation and the duty of husband to support her, and may be defeated by reconciliation of the parties, in view of Civ. Code, arts. 119, 148, 152.

**4. Divorce ☞240(3).**

Evidence *held* insufficient, in suit by wife to claim alimony from her former husband, under Civ. Code, art. 160, as amended by Act No. 247 of 1916, to show defendant's income with legal certainty.

**5. Divorce ☞240(3).**

In suit, under Civ. Code, art. 160, as amended by Act No. 247 of 1916, providing that wife who has obtained a divorce may, if in necessitous circumstances, claim alimony from former husband, burden is on plaintiff to show his income clearly by the evidence.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by Julia Player against Fleming Player. Judgment for plaintiff, and defendant appealed. Plaintiff answered the appeal, and asked that judgment be amended. Affirmed.

Scheen & Blanchard, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

LAND, J. Plaintiff alleges that she obtained a decree of divorce in the district court of Caddo parish on July 15, 1922, in suit No. 32834 on the docket of that court.

She avers that she is in necessitous circumstances, and that defendant owns considerable property producing rents and revenues, has earnings in addition thereto, and an income exceeding $300 per month.

Petitioner prays that defendant be ordered to pay her alimony in the sum of $100 per month from date of suit, which was filed as a separate suit on October 21, 1922, after the judgment of divorce had become final.

Defendant interposed an exception of no cause or right of action, which was overruled, and, after trial on the merits, judgment for alimony in the sum of $5 per month was rendered in favor of plaintiff. The defendant has appealed. The plaintiff has answered the appeal, and prays that the judgment be amended so as to increase the alimony to $50 per month.

I. The main issue in the case arises under the exception of no cause of action.

Defendant contends that a married woman cannot sue her husband for alimony, except incidentally in a principal demand for separation from bed and board or divorce; that the final judgment of divorce destroyed the relation of husband and wife existing between plaintiff and defendant; and that a demand against a man not a husband, by a woman not a wife, for alimony is unknown, as it is because of the relation of husband and wife that the right of alimony exists.

Article 160 of the Civil Code provides that—

"If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property [and earnings] of her husband, alimony which shall not exceed one-third of his income."

The language of this article is clear and free from all ambiguity as to the right of "the wife who has obtained the divorce" to claim alimony from her former husband, if she has not sufficient means for maintenance. Necessarily, the article applies to cases where the relation between husband and wife has been terminated by final judgment of divorce, and the suit has ended. To claim alimony in such a case as an incidental demand is not legally possible, and a separate suit ex rei necessitate is the only procedure by which the wife who has obtained the divorce can assert and enforce her right to the alimony which may be due her.

It seems that prior to the year 1855 a wife, after obtaining divorce, was not entitled to alimony in this state. However, by Act 307 of that year the Civil Code was amended, and article 160 was adopted granting alimony to "the wife who had obtained the divorce" out of the property of the husband, not to exceed one-third of his income. Article 160 was later amended by Act 247 of 1916, so as to make the alimony payable out of the earnings, as well as out of the property, of the husband.

[1] When it is remembered that, at the time article 160 of the Civil Code was adopted, the granting of alimony to the wife pendente lite in suits for separation or divorce was already authorized by law, it is clear, not only from the history of this article of the Code, but also from its plain and unmistakable language, that its purpose was to allow alimony to the wife obtaining the divorce, after the dissolution of the marriage, and to permit the recovery of such alimony by the former wife in a separate suit.

Able counsel for defendant have been confused by the use of the word "alimony" in article 160 of the Civil Code. There is little or no analogy between alimony paid during the pendency of a suit for separation or divorce and the indemnity to which the wife who has obtained the divorce is entitled.

[2] As the marriage is forever dissolved, there is no obligation arising from it. The law accords, not alimony in such a case, but a pension, to the unfortunate spouse who has obtained the divorce. This pension becomes revocable in case it should become unnecessary, and in case the wife should contract a second marriage. State v. Judge, 114 La. 44, 38 So. 14; 3 Laurent, p. 403; Act 247 of 1916.

[3] On the other hand, the alimony paid to the wife pending a suit for divorce arises solely from the marriage relation and the duty of the husband to support her. It may be defeated by the reconciliation of the parties. C. C. arts. 148, 152, and 119.

In Hurry v. Hurry, 144 La. 887, 81 So. 381, the court, in construing article 160 of the Civil Code, held that:

"The only condition imposed by this provision of the Code seems to be that the wife, herself, shall obtain the divorce, and it has been held that she may recover such alimony, even though a defendant, where she obtains the decree by reconvention." Landreaux v. Landreaux, 114 La. 528, 38 So. 442.

Article 160 of our Code is similar to article 301 of the French Code. The following interpretation has been placed upon the latter article by the French authorities, as appears from Dalloz, "Codes Annotés," tome 1, p. 563:

"14. Le tribunal peut après appréciation' de la situation des parties, allouer la pension par le jugement même qui prononce le divorce. J. G. S. Div. et sép. de corps, 590.

"15. Elle peut aussi être demandée après ce jugement et être allouée par un jugement postérieur. J. G. S., ibid, Trib. Civ. Bruxelles, 5 août, 1875. J. G. S., ibid, sand, 7 Juin, 1877. J. G. S. ibid. En ce sens: Carpentier op. cit. t. 1, No. 363; Vraye et Gode op. cit. 2 edit. t. 2, No. 708. En sens contraire; Laurent, t. 3, No. 310; Goirayd, op. cit. p. 215.

"16. Jugé qu'aucun délai particulier n'ayant été fixé par l'art. 301 pour la demande en pension alimentaire que l'epoux qui obtient le divorce a la droit d'intenter contre l'autre epoux, cette action peut être introduite postérieurement à la transcription du divorce sur les régistres de l'état civil, sans qu'il soit permis de lui opposer une déchéance non écrite dans la loi. Civ. r. 10 mars, 1891, D. P. 91, I, 175."

The French commentators hold that, as no particular delay has been fixed by article 301 of the French Code, the wife who has obtained the divorce may sue for her pension after the registry of the divorce, otherwise a forfeiture would be permitted to take place against her not written in the law, and that the pension may be allowed in the same judgment pronouncing the divorce or in a subsequent judgment.

We adopt the French jurisprudence as sound and logical, and we are satisfied that the Legislature of this state was advised as to the construction placed upon article 301 of the French Code when article 160 was written into our Code.

The exception of no cause or right of action was therefore properly overruled by the trial judge.

3. The only remaining question in the case to be decided is whether the income of defendant justifies an increase in the alimony of $5 per month allowed plaintiff by the lower court.

It must be conceded that the sum awarded is a mere pittance, and is wholly insufficient for the maintenance of plaintiff.

As the pension due plaintiff cannot exceed one-third of defendant's income, we must first settle the issue as to the amount of income received by defendant. The suit for alimony was brought in October, 1922. At the date of the trial, January 3, 1923, defendant had a balance of $2,006.19 in the City Savings Bank & Trust Company of Shreveport, La., and also a balance of $1,738.43 in a savings account in the Commercial National Bank of that city.

These sums represent royalties received from 60 acres of land owned by defendant in the parish of Caddo. The deposits were made in the years 1917, 1918, 1919, 1920, and 1921. There is no proof in the record that the wells on the defendant's place had continued to produce oil during the year 1922. In addition to the money in the bank, defendant owns a 60-acre farm with ordinary improvements, stock, implements, etc, assessed at approximately $4,000 in the years 1919 and 1920, and at a much larger value in the year 1921 because of the discovery of oil on the land.

The defendant did not testify in the case, and produced no witnesses. The plaintiff is not familiar with the income of her late husband.

There is no testimony in the record to show how much cotton defendant raised on his place during the years 1921 or 1922. The plaintiff merely states that defendant made five bales of cotton one year while she lived with him as his wife, and that he made good crops and plenty of corn each year before the place was developed for oil. Plaintiff's brother testified that the defendant was an active man, and could work, but that he did not have to, because he had plenty, and had abandoned work himself.

If defendant's place was rented to tenants in the year 1922, there is no proof before us of the amount of rental received by him during that year. The only satisfactory evidence at all in the record as to defendant's income in the year 1922 is shown by the testimony as to the deposits in the savings banks in the city of Shreveport. Evidently the judgment of the lower court is based upon the income of defendant from these deposits.

[4, 5] We do not feel justified in increasing the amount of alimony allowed, as plaintiff is entitled to alimony only to the extent of one-third of the income of defendant, and the evidence fails to show with sufficient legal certainty what defendant's income is, except as to the interest on the deposits made by him. This is a matter that cannot be left, under the law, to a mere conjecture of the court, but should be shown clearly by the evidence before us. The plaintiff must make out her case.

Judgment affirmed.