ROGERS, Justice.
 

 After a marriage relation existing for more than twenty years, James J. A. For-tier obtained a judgment of divorce from his wife, Mrs. Marie Rose Gelpi Fortier. In the judgment, which defendant allowed to go against her by default, plaintiff was condemned to pay defendant alimony at the rate of $155.58 per month. The judgment of divorce was sought and obtained by plaintiff on the sole ground that the parties had been living separate and apart for a period of four years, as provided by Act 31 of 1932. The decree for alimony was sought and obtained by the defendant on a rule, acquiesced in by plaintiff, showing that the defendant had not been at fault. The granting of alimony in such cases is authorized by the provisions of Article 160 of the Civil Code, as amended and re-enacted by Act 27 of the Second Extra Session of 1934.
 

 About two years after the judgment was rendered, Fortier ruled his former wife into court to show cause why the alimony which he had been ordered to pay her should not be reduced to $50 a month. As the basis for his demand, plaintiff in rule alleged that his former wife was no longer in necessitous circumstances, that her two sons had reached the age of majority, that they were employed and were contributing to the support of their mother, that the net income of the plaintiff had been reduced, that he had re-married and was under the legal obligation of supporting his wife and an infant child, issue of the marriage, which made it impossible for him to continue to pay the alimony as fixed in the judgment.
 

 The defendant made no formal return to the rule, and after a hearing thereon, the judge of the district court reduced the amount of alimony from $155.58 per month to $123.58 per month. From this judgment plaintiff has appealed.
 

 On the trial of the rule, defendant was called on cross-examination. She testified in substance that she was living in a rented' house with her two sons and her
 
 *454
 
 mother; that her sons, whose joint earnings were $189 per month, pay her $7.50 a week; that she contributes to her mother’s support; that except for a recent contribution of $5, her only brother has not contributed anything to his mother’s support; that she knows her former husband has re-married and is the father of a child by his marriage.
 

 On direct examination, her testimony shows that she lives with her mother and her two sons and maintains an establishment costing on an average of $112 a month, without including her expenses for laundry, food, clothes or medicines. She further testified that she enjoys a certain social standing in the community which it is necessary for her to maintain.
 

 Plaintiff is employed as the director of the Louisihna State Museum in the City of New Orleans at a salary of $416 a month. Testifying in his own behalf, plaintiff stated that he had no income beyond his salary; that at the time he obtained his divorce, he had agreed to pay his former wife $155.58 a month because, at that time, he had other income and certain prospects for income which had not materialized; that one of his sons was a minor and that his other son was not earning enough to contribute substantially to his mother’s support; and that at the time it was possible for him to pay the amount of alimony as fixed in the judgment. In connection with his testimony, plaintiff furnished a statement of his income and expenses which shows that his net income is $238.66 per month; that after paying his living expenses out of this amount, he has a surplus of only $25.66, out of which to pay alimony, doctor’s bills and certain obligations incurred for the benefit of his former wife.
 

 Plaintiff contends that he does not owe defendant any alimony whatever. He is mistaken in this. Although their marriage has been dissolved, the law has imposed upon plaintiff in the discretion of the court the obligation of furnishing defendant alimony for her maintenance. His obligation will terminate in the event the alimony should become unnecessary, or defendant should contract a second marriage. The record discloses it is necessary that defendant continue to receive alimony from plaintiff, and although her second marriage, if she contracted one, would relieve plaintiff of the obligation to pay the alimony, his second marriage certainly does not do so, although it may be considered as a factor in determining his ability to pay.
 

 There is no law, however, that requires plaintiff to support not only defendant but also her mother and his two sons who are of full age. At the time the judgment for alimony was rendered, one of the sons was a minor, and it is obvious that, although it is not referred to, that fact was taken into consideration by the parties when the amount <3f the alimony was agreed upon. Since the minor has now become a major, the only question presented for decision is the amount of alimony necessary for the maintenance of the defendant herself.
 

 In computing his monthly net income of $238.66, plaintiff has charged against his monthly salary of $416.66 certain monthly
 
 *456
 
 expenses amounting to $178. Among the items are premiums for health, accident and life insurance policies amounting to $107, leaving an amount of $71 to represent the other items. One of these items is the expense incidental to plaintiff's position, amounting to $25 and an item of $25 to cover dues to various associations. Another item is $25 for expenses for an automobile and flowers for gifts for weddings, births, and other occasions. Other items cover the rent of a garage and donations to the community chest, hospitalization, and income taxes. In estimating his earnings, plaintiff has failed to take into consideration the fact that he is furnished rent free the apartment in which he lives with his second wife and infant daughter.
 

 It is not disputed that defendant is wholly supporting her mother and partially supporting her two major sons out of the alimony she receives from the plaintiff. Among her expenses, totalling $112 per month which are exclusive of her expenses for laundry, food, clothes and medicines, are $14.75 per month for insurance on her house and automobile; $40 per month for rent; $20 per month for gas and electricity; and $2 per month for her water bill.
 

 The alimony authorized by Article 160 of the Civil Code, as amended by Act 27 of the Second Extra Session of 1934, is in the nature of a pension accorded by law to the wife without fault against whom a judgment of divorce has been rendered. Player v. Player, 162 La. 229, 110 So. 332. It is not necessarily due the divorced wife, arising from a marriage forever dissolved. Such alimony or pension is a pure gratuity, to be granted and fixed at an amount not to exceed one-third of the husband’s income, in the discretion of the court, and is- revocable when it becomes unnecessary. The test by which the court must be guided in such cases in fixing the amount of the alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide her with “sufficient means for her maintenance.” In arriving at this amount, necessarily the husband’s ability to pay must be taken into consideration. It is obvious that a judgment condemning a husband to pay alimony in a greater amount than he can afford to pay would be of no practical benefit to his divorced wife.
 

 Our reading of the record in this case has impressed us with the fact that both parties could reasonably reduce certain expenses which they claim are necessary for their maintenance. If they do this, it is clear that it will increase the plaintiff’s net income out of which he is required to pay the alimony and will decrease defendant’s living expenses to an amount that she can reasonably expect the plaintiff to pay.
 

 Under the circumstances of this case, we have concluded that an allowance of $85 per month for alimony will be within plaintiff’s means of paying and, at the same time, be sufficient for the maintenance of defendant. In this connection, it may be observed that for the two months prior to the filing of the rule to reduce alimony, plaintiff paid defendant $75 a month which amount she accepted under protest.
 

 
 *458
 
 For the reasons assigned, the judgment appealed from is amended by reducing the alimony which plaintiff, James J. A. For-tier, is condemned to pay the defendant, Mrs. Marie Rose Gelpi Fortier, from $123.-58 per month to $85 per month, and to continue until the further orders of the court.