FOURNET, Justice.
 

 Clay H. Slagle is here appealing from the lower court’s rejection of his demand that the judgment awarding alimony to his former wife, Beulah R. Slagle, be annulled and set aside.
 

 Under a judgment dated October 23, 1940, Mrs. Slagle was granted a divorce from her husband and awarded the custody of their minor daughter, Dorothy, but no mention was made of alimony. On May 5, 1943, she obtained a judgment ordering her former husband to pay alimony at the rate of $120 a month for 5 months — $60 on the 1st and $60 on the 15th of each month— the amount being thereafter reduced to $90 a month but still payable twice monthly. The first semi-monthly payment of $60 was made by Slagle on May 15, 1943, but on May 29 following he ruled Mrs. Slagle to show cause why the judgment awarding her alimony should not be annulled and set aside for the reason that he was at that time, and would for an indefinite period thereafter, be unemployed, and had no other source of income with which to meet these payments. It is from the judgment recalling his rule that he is appealing.
 

 Under the law and jurisprudence of this state the trial judge is vested with the authority of awarding alimony out of the property and earnings of her husband to a wife who has obtained a divorce and has no means sufficient to support herself, provided such alimony does not exceed a third of the husband’s income. Article 160 of the Revised Civil Code; Snow v. Snow, 188 La. 660, 177 So. 793; Wright v. Wright, 189 La. 539, 179 So. 866; and Abbott v. Abbott, 199 La. 65, 5 So.2d 504. These awards have been characterized as gratuities that are in their nature pensions (Scott v. Scott, 197 La. 726, 2 So.2d 193) and they may be adjusted at any time to meet the changing needs of the wife and the husband’s ability to pay (Wright v. Wright, 189 La. 539, 179 So. 866), or revoked entirely if they become unnecessary
 
 *697
 
 or the wife contracts a second marriage. Article 160 of the Revised Civil Code, as' amended.
 

 When the defendant’s rule against his former wife was tried, Dr. V. Simmons, his physician, testified that the defendant had consulted him about May 20 and had been advised to discontinue his work when it was found that he was suffering from an aggravated case of amoebic dysentery. Dr. Simmons also expressed the opinion that the defendant’s resumption of work would necessarily be postponed for an indefinite period of time and certainly would not be before two or three months. The defendant himself testified that between March 15, 1943, and the time he consulted Dr. Simmons he lost some 25 or 30 pounds and was unable to work; that he quit his job on or about May 27, in accordance with his physician’s advice. He further testified that he would be unable to meet the alimony payments until he was able to resume work since his only assets consisted of two $25 war savings bonds and $4 or $5 in cash. At the time the rule was tried, he stated he was living with his brother.
 

 Mrs. Slagle neither contradicted this testimony nor offered any evidence to controvert the same. Consequently, since there is nothing in the record to indicate this testimony is false or unreliable, it should be accepted. Dolhonde v. Lemoine, 32 La.Ann. 251; People’s National Bank of New Iberia v. Voorhies, 134 La. 303, 64 So. 120; Schmalz v. Schmalz, 146 La. 876, 84 So. 166 and Bonanno v. Decedue, 186 La. 1041, 173 So. 756, and the cases therein cited.
 

 The trial judge has not favored us with any written reasons for judgment and we therefore have no way of knowing on what he based his ruling dismissing the defendant’s demands. It seems to us that his action in this respect was not well founded, for if the facts revealed by Slagle and Dr. Simmons are true, the defendant is certainly entitled to relief. The fact that he had been earning $400 a month up to the time he ceased work and had spent this money can have no bearing on the case for the fact remains that he is unable to meet these alimony payments now.
 

 It is our opinion, therefore, that the trial judge, under the particular facts of this case, should have suspended the judgment awarding the plaintiff alimony from June 1 until such time as the defendant is able to resume work, which fact cannot be ascertained without the introduction of additional evidence. For this reason we are remanding the case to the lower court, but, in the interest of justice, it is being remanded without restriction on the part of either party to introduce any evidence that may be available touching on Slagle’s ability to meet these alimony payments from June 1 until his resumption of work, as well as thereafter.
 

 For the reasons assigned, the judgment appealed from is annulled and set aside and the case is remanded to the lower court for further -consideration consistent with the views herein expressed and according to law. The costs in this and the lower court are to be borne by the plaintiff in the rule, Clay H. Slagle.
 

 CFNIELL, C. J., does not take part.
 

 ODOM, J., absent.