LE BLANC, Justice.
 

 The plaintiff in this case who is now the divorced wife of the defendant, filed suit for a judicial separation from bed and board against him on September 12, 1947. Her suit was uncontested and resulted in a judgment being rendered on October 3, 1947 in her favor. The judg
 
 *655
 
 ment decreed a separation from bed and board, partitioned the community of acquets and gains then existing between them, awarded custody of the minor child to the wife and allowed alimony pendente lite to the wife in the sum of $125.00 per month for her support and maintenance and also in the sum of $75.00 per month for the support and maintenance of the minor child.
 

 On October 15, 1948, plaintiff filed another petition in the same suit asking for a final judgment of divorce, permanent custody of the child and for alimony in the sum of $200.00 per month for herself and $125.00 per month for her child.
 

 The defendant filed his answer in which he did not contest the divorce, nor did he contest the alimony demanded for the support of the minor, although he claimed that $75.00 per month would be sufficient, but he did contest vigorously the amount claimed by the wife for her support, alleging that she had sufficient means for her maintenance and was therefore not entitled to alimony under Article 160 of the Revised Civil Code.
 

 Interrogatories were addressed to the plaintiff which she answered and which to all intents and purposes showed that she ■had property, all of it being the share acquired by her in the partition of the community and having an approximate valuation of $20,000.
 

 The District Judge rendered judgment in which he granted the final divorce, awarded permanent custody of the child to the wife and granted her alimony in the sum of $75.00 for the child and $125.00 for herself. From that part of the judgment allowing alimony to the wife, defendant prosecutes this appeal.
 

 It is the contention of the defendant that the wife, under Article 160 of the Code, must show that she is in necessitous circumstances before she can become entitled to any alimony at all. He contends that only if the trial judge is satisfied that she is in such circumstances should he look to the income of the husband in order to determine whether she should be allowed alimony to be paid out of such income. Further he contends that there is a material difference between the word “income” as used in Article 148 of the Civil Code and word “means” as used in Article 160.
 

 It is shown that the $20,000 assets of the wife consist of seven United States Government War Bonds, a 1948 Pontiac automobile and the balance in notes of her husband bearing interest at 2% per annum. The income from this capital amounts to approximately $420.00 per year or $35.00 per month, which the plaintiff contends places her in the position of not having sufficient means for her maintenance within the meaning of Article 160 of the Civil Code.
 

 The trial judge in his reasons for judgment stated that although his views were to the contrary, he was bound by the de
 
 *657
 
 cisión of this Court in the case of Russo v. Russo, 208 La. 17, 22 So.2d 671, wherein the Court seems to have used the words “income” in Article 148 of the Civil Code and “means” in Article 160, indiscriminately, stating: “It is obvious, therefore, that the wife’s right to pendente lite and permanent alimony is predicated on her not having an income sufficient for her maintenance.”
 

 Article 148 reads as follows: “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
 

 The pertinent part of Article 160 reads as follows:
 

 “If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, * * *.
 

 “This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage.”
 

 There is a marked distinction between the objects and the purposes of the' two articles as pointed out in the case of Player v. Player, 162 La. 229, 110 So. 332, and it is in looking to the object of each that we come to appreciate the distinction between the words “income” and “means” as used in the respective articles.
 

 Article 148 has for its purpose the enforcement of the husband’s obligation of support of his wife as it exists under Article 120 of the Civil Code, which continues during the pendency of a suit for separation from bed and board or for divorce and does not terminate until the marriage is dissolved either by death or by divorce. While the suit is going on the obligation still exists and, whether the wife is the one who is suing or is being sued, if she has not a sufficient
 
 income
 
 for her maintenance, the judge
 
 shall
 
 allow her a sum for her support, the amount to be gauged according to what her needs are and what are the means of her husband. It is to be noted here that both her needs and the means of the husband are to be taken into consideration in determining the sum to be allowed.
 

 On the other hand, Article 160 merely makes some provision for the maintenance of the wife who has obtained the divorce, after the marriage has been terminated and the obligation of support by the husband under Article 120 of the Code no longer exists. But it is only in the event that she has not sufficient
 
 means
 
 for her maintenance that the Court
 
 may, in its discretion,
 
 allow her out of the property and earnings of the husband, a sum not to exceed one-third of his income, and this alimony is revocable in case it be
 
 *659
 
 comes unnecessary, and in case the wife should contract a second marriage.
 

 The alimony contemplated by this Article has frequently been construed as a pension; not a voluntary payment, but an amount fixed by the Court in its discretion, to be paid out of the property of the husband, and arising out of the needs of the wife. If her circumstances change or if the need no longer exists the amount of the pension becomes subject to change or it need no longer be allowed. To this effect, see Player v. Player, supra, Fortier v. Gelpi, 195 La. 449, 197 So. 138; Slagle v. Slagle, 205 La. 694, 17 So.2d 923.
 

 Thus we see that Article 148 takes into consideration the sufficiency of the income which the wife may have for her maintenance during the pendency of the suit for separation or divorce, in determining whether the husband should be made to pay her additionally for her support proportioned to her needs and his means. Article 160 makes no reference to the wife’s income and takes into consideration only her means of maintenance and whether they are sufficient or not. In other words, under Article 160, the Court is not concerned with the wife’s income as such but only with the means she has, including income, and whether they are sufficient for her maintenance. If they are not, then it may, in its discretion, allow her this so-called pension and in doing so may look into the property and earnings of the husband in fixing the amount, which, however, cannot exceed one-third of his income. It becomes necessary, therefore,, to consider what is meant by the phrase “sufficient means for her maintenance” in Article 160. Does it mean that the wife must be left with no means at all before she can claim alimony out of the property and earnings of the husband from whom she is divorced? In several cases in which Article 160 was under consideration, this Court has used the words “necessitous circumstances” almost synonymously with the words “sufficient means”, comparing the status of the wife with that of the widow in necessitous circumstances under Articles 2382 and 3252 of the Civil Code.. It is not to be inferred from this that the wife must be practically destitute before she can act. In fact the language of Article 160 implies the opposite because it expressly stipulates that it is in case she has not
 
 sufficient
 
 means that she can apply for the alimony from which it follows that she may have
 
 some
 
 means.
 

 In this case, assuming that the wife has an income of say, $35.00 a month from whatever capital investments she may have, it may well be that that would not be sufficient means for her maintenance considering her station in life. However, under our appreciation of the law as embodied in Article 160 of the Code and as distinquished from the provisions of Article 148, in determining her means of maintenance, her income is not the sole thing to be taken into consideration. The. Court has to look
 
 *661
 
 to all of her “means” in determining whether or not they are sufficient.
 

 This then poses the direct question that is presented in the case, “Can a wife, who is in possession of property and assets valued at $20,000 be said to be without sufficient means for her maintenance?” Regardless of the station in life which she occupies, we say that obviously she is not. Maintenance may be said to include primarily food, shelter and clothing, and certainly property or means amounting to $20,-000 ought to provide those necessities very readily. How far she should go in depleting her capital presents another question. Whilst we do not think that she should be made to use it all, on the other hand, we do not believe that the law intends that she can maintain it intact. In this case, what capital the wife has was derived from the partition of the community of acquets and gains formerly existing between her and her divorced husband and were she permitted to retain hers and at the same time cause her husband to deplete his, in order to pay her alimony, that would produce a result which would be highly inequitable and a situation by which he could be forced into the obligation of supporting her when that obligation no longer exists by reason of the dissolution of the marriage. To what extent the wife should be made to use up her capital before applying for the alimony is a matter with which we are not concerned at this moment. If the time should come when she has reason to believe that she has not a sufficient amount left for her maintenance, she has the right to apply to the Court for alimony in a sum sufficient for that purpose. That" woitld again become a question of fact left to the discretion of the trial judge for decision.
 

 In view of the foregoing considerations and the results we have reached, we cannot agree with the trial judge that the case of Russo v. Russo, supra, was binding upon him in passing on the facts of this case. Under the facts in the Russo case, the finding of this Court on the question of alimony was undoubtedly correct. The husband was in no position to pay alimony to a divorced wife who received $100.00 a month from different sources while his earnings, which were less than that, scarce-enabled him to support himself and the wife he was then married to. The statement quoted by the trial judge from that case was obiter dictum; it did not form the basis of the decision.
 

 We are convinced that under the facts in the present case, and under the law as we interpret it, the plaintiff is not entitled to the alimony which she now claims for herself and for this reason we find it necessary to reverse the judgment of the Court below.
 

 For the reasons stated it is ordered, adjudged and decreed that the judgment appealed from, in so far as it awarded plaintiff the sum of $125.00 per month alimony for herself, be, and the same is hereby set aside, annulled and reversed and it is
 
 *663
 
 further ordered that the said demand he, and the same is hereby rejected; in all other respects, the said judgment is affirmed at the costs of the plaintiff, appellee herein.