HAWTHORNE, Justice.
 

 Appellant Charles K. Harris filed a rule in the district court praying that his divorced wife, Mrs. Eunice Brown, show cause why a previous judgment of that court awarding her alimony of $55 a month should not be set aside and why he should not be relieved from the further payment of alimony. After trial of this rule the court rendered judgment reducing the alimony to $30 a month, and plaintiff in rule appealed.
 

 The facts material to our decision are these: On January 4, 1949, a judgment of separation from bed and board was rendered between the parties, and the husband was ordered to pay alimony pendente lite of $70 a month. On May 2, 1950, on petition of the husband a judgment of absolute divorce was granted which ordered the husband to pay to his divorced wife alimony of $55 a month. Thereafter the parties executed an instrument of community settlement partitioning the community property, by which the wife received $7,315.01. The husband then instituted the rule upon which the judgment now under consideration was rendered.
 

 At the time the rule was tried, the wife was gainfully employed earning $150 a
 
 *323
 
 month, and she had on deposit in a building and loan association $6,600 which earned dividends at 3 per cent per annum, or $16.50 a month. It was stipulated by the parties that there had been no change in the financial status of the wife since the alimony had been fixed in the judgment of divorce except for the amount received by her in the partition of the community.
 

 In defending her judgment for alimony, the wife relies on Article 160 of the Civil Code, which allows a divorced wife alimony when she "has not sufficient means for her maintenance”. The alimony provided for in Article 160 is, under the jurisprudence of this state, in the nature of a pension accorded by law to the wife. This alimony or pension is nothing more than a pure gratuity which the court may allow and fix in its discretion at an amount not to exceed one-third of the husband’s income, and is revocable when it becomes unnecessary. Player v. Player, 162 La. 229, 110 So. 332; Fortier v. Gelpi, 195 La. 449, 197 So. 138; Scott v. Scott, 197 La. 726, 2 So.2d 193; Slagle v. Slagle, 205 La. 694, 17 So.2d 923.
 

 In Fortier v. Gelpi, supra [195 La. 449, 197 So. 140], this court said:
 

 “ * * * The test by which the court must be guided in such cases in fixing the amount of the alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide her with ‘sufficient means for her maintenance.’ In arriving at this amount, necessarily the husband’s ability to pay must be taken into consideration. * * * ” See also Matheny v. Matheny, 205 La. 869, 18 So.2d 324; Smith v. Smith, 217 La. 646, 47 So.2d 32; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321.
 

 In Smith v. Smith, supra, this court had occasion to consider the meaning of the phrase “sufficient means for her maintenance” in Article 160, and concluded that "maintenance” as this word is used in the article includes primarily food, shelter, and clothing. The amount necessary for maintenance is to be determined by the facts and circumstances of each particular case, within the sound discretion of the trial judge, but, inasmuch as there is no longer an obligation under Article 120 for the husband to support the wife and the alimony is nothing more than a pension or gratuity, the trial judge in fixing the amount is not bound by the manner in which the wife has been accustomed to live.
 

 There is no evidence in the record as to the financial condition or the income of the husband from which we could determine, if it became necessary, his ability to pay. However, under the facts which we have before us and as they existed at the time the rule was tried in the court below, we are of the opinion that the wife had sufficient means for her maintenance, and accordingly the judgment of the lower court
 
 *325
 
 awarding her alimony will have to be reversed.
 

 As in the Smith case, supra, it is unnecessary for us at this time to determine to what extent the wife should expend the cash sum available to her before she would be without sufficient means for her maintenance. If in the future she does not have sufficient means for her maintenance, she may at that time apply to the court for alimony, for it is well settled that a judgment awarding or refusing alimony is subject to change, adjustment, or modification at any time when changes in the circumstances of the parties may justify it. Slagle v. Slagle, supra; White v. Bendix, 206 La. 741, 20 So.2d 10; Russo v. Russo, 208 La. 17, 22 So.2d 671; Comstock v. Bourge, 210 La. 20, 26 So.2d 220; Smith v. Smith, supra.
 

 It must be remembered that we are here dealing with the alimony due to the divorced wife alone under the provisions of Article 160 of the Civil Code, and what we have said is without application to the alimony that may be due by a husband for the support of his minor children of whom the wife has the custody.
 

 For the reasons assigned, it is ordered that the judgment appealed from awarding alimony to the wife, the appellee, in the sum of $30 per month be reversed and set aside, and that the rule instituted by the husband, the appellant, be made absolute; appellant and appellee each to pay one-half of the costs of this proceeding.