CHRIS T. BARNETTE, Judge pro tern.
This case comes before this Court on appeal by the wife from a judgment of the Civil District Court, Parish of Orleans, relieving the defendant husband from the payment of alimony to her in the amount of $500 per month which had been previously ordered by the court. . .
A judgment of divorce was granted the wife February 17, 1964, and provided, among other things, for the payment of $500 per month by the husband to the’wife and $250 additional to be paid to the wife for the benefit óf a minor child. The judgment reserved to the respective parties the right to partition the community property.
The community property was valued at more than $100,000, and the share coming to the wife was $54,000 after taxes. There appears to be no dispute between the parties of the correctness of this appraisal of her community interest. Among the assets coming to the wife was a home valued at $23,000 which she later sold for $28,000. The other assets consisted of shares of stock and some cash value in life insurance policies, furniture and fixtures, an automobile, and other personal things. In addition to this the wife has a savings account in the amount of $3,500, belonging to her separately through an inheritance.
The husband received his interest in the community property and a clear title to his insurance business. His income is approximately $20,000 per year.
Defendant filed a motion in October, 1964, seeking a reduction in the amount of alimony payable to the wife from $500 to $250 per month, and thereafter amended his motion seeking to be relieved completely from the payment of alimony to his former wife on the ground that she has sufficient means for her maintenance and that therefore under LSA-C.C. art:. 160 is not entitled to alimony.
■No complaint is made of the award of $250 to the wife for the support of the minor child, who is a young lady now attending college away from home. The husband has paid this regularly and makes, no request for reduction.
The question presented is simply whether or not the wife is entitled to alimony from her divorced husband under LSA-C.C. art. 160 which reads as follows:
“If the wife who has obtained the divorce has not sufficient means for *17 her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not ex*-ceed one-third of his income.
“This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage. (As amended by Act 1934, 2 E.S., No. 27.)”
We must look to the jurisprudence of this State, wherein this article has been interpreted and applied, for the answer to this question.
The appellant relies chiefly on the formula set forth by this Court in Roberts v. Roberts, 145 So.2d 669 (La.App. 4th Cir. 1964), and also by this Court in Vedrenne v. Vedrenne, 163 So.2d 853 (La.App. 4th Cir.1964). In the Roberts case, this Court cited Loe v. Loe, 131 So.2d 106 (La.App. 2d Cir.1961), holding that “a wife is not required to deplete the entire funds received from the community in order to be entitled to permanent alimony.” This Court then went on to prescribe a formula based on the assumption of the liquidation of the wife’s community estate and the amount invested at 4^4 percent per annum interest. Then, determining the annual yield from such investment, her theoretical monthly income was computed. The difference between this figure and the figure equal to one-third of the husband’s monthly income, the maximum to which she would be entitled in any event, determines the amount of the alimony to be awarded her within the court’s discretion. This formula was followed by this Court in the Vedrenne case. If it were applied in the instant case, the wife would be entitled to a maximum of $464.16 per month. Counsel for the plaintiff-appellant wife practically rests his case on this theory.
Counsel for plaintiff-appellant apparently has misinterpreted our opinions in the Roberts and Vedrenne cases. The formula used was applied as a means of determining an equitable basis for computation of alimony first found to be due the divorced wife. In each of those cases the divorced wife’s “means” was found, to be insufficient for her' maintenance and she was therefore entitled to alimony under LSA-C.C. art. 160.
In the Roberts case the wife had no income and her means consisted of a $5,200 equity in a double cottage, burdened with a $4,000 mortgage, the payments for which she was obligated. She lived in one side of the apartment with her mother and daughter, and the other apartment was vacant on account of needed repairs. The Court found her to be in necessitous circumstances and without sufficient means for her maintenance.
In the Vedrenne case the divorced wife’s means consisted of a home encumbered with mortgage, an automobile, stocks yielding $125 per year, home furnishings, and less than $1,000 in cash. A complete liquidation of her estate would have produced about $16,000. She was in poor health with substantial medical and doctors bills annually. The Court found her to be entitled to alimony because of her insufficient means and applied the formula prescribed in the Roberts case.
In Loe v. Loe, supra, the divorced wife’s monthly income was $216 and she received as her share of the community $5,000 from the sale of the community home. The Court said of the $216 monthly salary: “ * * * we do not think it can be said *18 this is sufficient for her support so as to warrant the setting aside of the judgment for permanent- alimony. * * * Therefore, with regard to determining whether Mrs. Loe has ‘sufficient means for her maintenance’, the real question relates to the approximately $5,000 -she received -in settlement of the community subsequent to the judgment awarding her alimony.”
The defendant husband in the Loe case, as in the instant case, relied on Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950). In the Smith case the- Supreme Court held that a wife with property in excess of $20,000 was not without sufficient means for her maintenance and was not entitled to alimony under LSA-C.C. art. 160. In that case- the Court makes a clear distinction between the support due a wife under LSA-C.C. art. 148 pending separation or divorce and alimony due'the divorced wife under Article 160. Article 148 takes into consideration the sufficiency of her “income” while Article 160 looks to her “means” which may include income to determine sufficiency for her maintenance.
It is pointed out that pending separation or divorce she is still the wife and the husband owes certain obligations for her support, etc., whereas after divorce she is no longer the wife and all obligations toward her cease except as provided in Article 160. This distinction was made in Player v. Player, 162 La. 229, 110 So. 332 (1926), in the following language:
“Able counsel for defendant have been confused by the use of the word ‘alimony’ in article 160 of the Civil Code. There is little or no analogy between alimony paid during the pend-ency of a suit for separation or divorce and the indemnity to which the wife who has obtained the divorce is entitled.
“As the marriage is forever dissolved, there is no obligation arising from it. The law accords, not alimony in such a case, but a pension, to the. unfortunate spouse who has obtained the divorce. This pension becomes revocable in case it should • become unnecessary, and in case the wife should contract a second marriage. State v. Judge, 114 La. 44, 38 So. 14; 3 Laurent, p. 403; Act 247 of 1916.
“On the other hand, the alimony paid to the wife pending a suit for divorce arises solely from the marriage relation and the duty of the husband to support her. It may be defeated by the reconciliation of the parties. C.C. arts. 148, 152, and 119.”
The Court said in Smith v. Smith, supra :
“ * * - * To what extent the wife should be made to use up her capital before applying for the alimony is a matter with which ,we are not concerned at this moment. If the time should come when she has reason to believe that she has not a sufficient amount left for her maintenance, she has the right to apply to the Court for alimony in a sum sufficient for that purpose. That would again become a question of fact left to the discretion of the trial judge for decision.”
After quoting the foregoing excerpt from the Smith case, the Court said in the Loe case:
“In our opinion, a wife is not required to deplete the entire funds received from the community in order to be entitled to permanent alimony. Therefore, the real question in this regard is whether the sum of $5,000, together with a monthly income of approximately $216, constitute ‘sufficient means’ for Mrs. Loe’s support. We think these sums do not represent such means so as to justify the relief Mr. Loe asks. * * * ”
Thus, we see in the Loe case the Court found a $5,000 estate and $216 monthly *19 income insufficient means, while in the Smith case the Supreme Court found an estate in excess of $20,000 was sufficient. The decision therefore appears to rest upon the facts in each case and to a considerable degree within the discretion of the Court.
It should be noted in the Smith case that the Court also said:
“ * * * It is not to be inferred from this that the wife must be practically destitute before she can act. In fact the language of Article 160 implies the opposite because it expressly stipulates that it is in case she has not sufficient means that she can’ apply for the alimony from which it follows that she may have some means.
“ * * * The Court has to look to all of her ‘means’ in determining whether or not they are sufficient.
“ * * * How far she should go in depleting her capital presents another question. Whilst we do not think that she should be made to use it all, on the other hand, we do not believe that the law intends that she can maintain it intact. * * * ”
We find no conflict therefore in the several cases cited and relied on by opposing counsel, and are of the opinion that the Smith case must control our decision here. Obviously, the plaintiff-appellant does have substantial means and is not at this time entitled to alimony under LSA-C.C. art. 160. In so holding, however, we do not mean to foreclose forever the right of the appellant to seek alimony in the event conditions should materially change or her capital assets become depleted to the point that they no longer comprise “sufficient means” for her maintenance.
Alimony payments to a divorced wife have been characterized as “gratuities,” [1] “indemnity,” [2] and “pensions,” [3] and may be adjusted at any time to meet the changing needs of the wife and the husband’s ability to pay.
For the reasons above stated, the judgment appealed from is affirmed at plaintiff-appellant’s cost.
Affirmed.

. Scott v. Scott, 197 La. 726, 2 So.2d 193 (1941); Slagle v. Slagle, 205 La. 694, 17 So.2d 923 (1944).

. Player v. Player, 162 La. 229, 110 So. 332 (1926), and Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950).

. Smith v. Smith, supra.