BARNETTE, Judge
(concurring).
I fully concur in the foregoing opinion, but since appellant has relied almost exclusively on the opinion of this court in Derussy v. Derussy, La.App., 175 So.2d 15 (1965), of which I was the author, I wish to make further comment.
In the first place there is a quite different factual situation in the instant case from that presented in Derussy. The means available to the wife in this case are materially less sufficient than those available to the wife in Derussy. The question to be answered in all such cases coming under the provisions of LSA-C.C. art. 160 is: does the wife have sufficient means for her maintenance? This question must be answered in each individual case separately. Means and need must bear some relationship to each other, for what may be sub *801 stantial means in one case may be relatively meager in another.
Secondly, since it is impossible, for obvious reasons, to lay down a formula or set of rules to- govern the answer to this question in all cases, article 160 wisely places the allowance of alimony in the discretion of the court. The principle of law that except for clear abuse of discretion the appellate court should not disturb the judgment of the trial judge or jury, is so well established in our jurisprudence that the citation of authority is not necessary. In this case, as in Derussy, there is no manifest error or abuse of discretion which would warrant a reversal of the judgment of the trial judge. There is, therefore, no conflict in the conclusions reached by us in the two cases.
I concur in the opinion and judgment rendered.