CHASEZ, Judge.
Plaintiff Sidney J. Jambois, Jr. has appealed from a judgment on a rule to show cause why alimony awarded to his divorced wife, Luana Thiel, should not be reduced or eliminated under Article 160 of the Civil Code.
The judgment of the Civil District Court from which this appeal is taken reduced the original alimony award from $50.00 to $30.00 a week. The facts pertinent to this controversy are simple and uncontroverted. The divorce between these parties was adjudged final on March 23, 1966 and alimony pendente lite of $50.00 a week was continued in full force and effect until further orders of the court. This decree remained effective until rendition of the judgment presently before this court reducing the alimony from $50.00 a week to $30.00 a week. Plaintiff contends by his appeal that the alimony awarded exceeds that allowed under the law (article 160 of the Civil Code) which provides for her maintenance only. In support of this statement he testified that he had a net income of $95.00 a week and since his divorce he has remarried and will be expected to support children of that second marriage.
*270 The defendant, Luana Thiel, at the time of trial was earning a net income of $210.-00 a month. She testified at the trial that her monthly expenses consisted of the following :
Rent — $75.00, Food — $140.00, Utilities— $25.00 to $40.00, Clothes — $20.00, Cleaning — $2.00, Phone — $60.00 (Obviously this should be $6.00), Carfare and lunch— $20.00 and medicine for a kidney ailment —$44.00.
These expenses totaled $339.50, if we average the alleged utility costs. The trial court in its analysis of her expenses found her necessities totaled approximately $327.-00.
The law on which alimony after divorce is based is article 160 of the Civil Code as amended which provides:
“ ‘When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“ T. The wife obtains a divorce;
“ ‘2. The husband obtains a divorce on the grounds that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
“ ‘3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
“ ‘This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.’ ”
The effect of this article has been well settled in the numerous alimony decisions that have come before our courts. In the oft cited case of Fortier v. Gelpi, 195 La. 449, 197 So. 138, the Supreme Court rendered the following interpretation of article 160 on page 140 of the reported opinion.
“The alimony authorized by Article 160 of the Civil Code, as amended by Act 27 of the Second Extra Session of 1934, is in the nature of a pension accorded by law to the wife without fault against whom a judgment of divorce has been rendered. Player v. Player, 162 La. 229, 110 So. 332. It is not necessarily due the divorced wife, arising from a marriage forever dissolved. Such alimony or pension is a pure gratuity, to be granted and fixed at an amount not to exceed one-third of the husband’s income, in the discretion of the court, and is revocable when it becomes unnecessary. The test by which the court must be guided in such cases in fixing the amount of the alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide her with ‘sufficient means for her maintenance.’ In arriving at this amount, necessarily the husband’s ability to pay must be taken into consideration. It is obvious that a judgment condemning a husband to pay alimony in a greater amount than he can afford to pay would be of no practical benefit to his divorced wife.” Emphasis supplied.
In the same opinion, the court referred to the divorced husband’s second marriage as a factor which may be considered in determining his ability to pay.
Since the judgment was rendered in Fortier v. Gelpi, article 160 has been amended, but its effect with reference to the present controversy remains the same.
“[4] As to the amount of alimony, the Court in Fortier v. Gelpi, 195 La. 449, 197 So. 138, 140 said:
“ ‘ * * * The test by which the court must be guided in such cases in fixing the amount of alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide *271 her with “sufficient means for her maintenance.’ ” * * * (Citations.)”
“At the time that the Fortier case, supra, was decided, LSA-C.C. art. 160 allowed alimony where the wife had ‘not sufficient means for her maintenance’. LSA-C.C. art. 160 as amended in 1964 uses the word ‘support’ instead of ‘maintenance.’ We can see no difference in these two words as used in this article of the Civil Code, and we are of the opinion that the legislature intended no difference of meaning in its amendment.” Burris v. Burris, La., 197 So.2d 89, 91.
In assessing the facts of the present controversy in the light of the principles set out in article 160 and their interpretation by our Supreme Court we have come to the conclusion that the alimony should have been reduced further. It is purely a matter of simple arithmetic which leads us to this conclusion. At the present rate of alimony Sidney Jambois will have only $260.00 a month to support himself, his present wife and family. Luana Thiel will have a total of $330.00 to support only herself. While the amount of the alimony is a little less than one third of Mr. Jambois’ income, it appears to be much more than he can afford. In order to maintain the members of his present family at least on approximately the same level as his former wife, he should not be ordered to pay this relatively large sum. His obligation to support his present family, both morally and legally, is well recognized in this State.
 It is within the discretionary powers of this court to reduce the alimony, or pension under article 160 which is considered a pure gratuity where in our opinion the husband’s ability to pay is seriously in question. We also are of the opinion that defendant has overestimated her monthly expenses and that with a reasonable reduction of certain of these expenses she will have sufficient means for her maintenance as contemplated by the redactors of the Code. Therefore the judgment of the Court a qua is amended to the extent that Luana Thiel, divorced wife of Sidney J. Jambois, Jr. be awarded alimony in the sum of $25.00 a month. All costs of this proceeding to be borne equally by both parties to this suit.
Amended and affirmed.