95 So.2d 635

Mrs. Viola Womack **RABUN**

v.

John L. **RABUN.**

No. 43116.

May 6, 1957.

Hynes, Mathews & Lane, Baton Rouge, for plaintiff-appellant.

George S. Womack, Baton Rouge, for defendant-appellant.

HAMITER, Justice.

Presented here is the single question of whether the divorced wife is entitled to alimony for her support under Revised Civil Code Article 160.

On February 4, 1955 Mrs. Viola Womack Rabun obtained a judgment of separation from her husband, John L. Rabun, on the ground of abandonment. In the proceeding she had sought from him alimony of $300 per month for herself and for their minor son, then approximately thirteen years of age, it being (according to the allegations of her petition) "a sum proportionate to his revenue." The husband, in answering, had averred his willingness to pay the alimony demanded; and an award therefor was included in the separation judgment.

More than a year and sixty days elapsed without the wife's taking any further action, and on April 5, 1956 the husband instituted proceedings for a final divorce which was granted. In the initial divorce judgment alimony for the support of the wife and the child was fixed at $300 per month.

The husband filed an application for a rehearing. Therein, he resisted payment of alimony for his divorced wife but did not dispute his obligation of support for the child. A rehearing was granted. Thereafter, the award was reduced to $250 per month, and the alimony was specifically allocated at $150 for the child and $100 for Mrs. Rabun.

Both parties appealed from the judgment rendered on the rehearing. The husband complains only of the allocation for the wife. Directing attention to the record, he insists that presently she has sufficient means for her maintenance and is therefore without right to any alimony. The wife, on her appeal, seeks to have the award increased to $300 per month, as in the initial judgment, allocated at $150 for herself and $150 for the support of the minor child.

■ The question of what is to be considered in awarding alimony under Revised Civil Code Article 160 (after a divorce has been granted) is no longer open to serious debate. In numerous cases it has been resolved, particularly in the recent ones of Smith v. Smith, 217 La. 646, 47 So.2d 32, Brown v. Harris, 225 La. 320, 72 So.2d 746 and Stabler v. Stabler, 226 La. 70, 75 So.2d 12.

In the Brown case [225 La. 320, 72 So.2d 747] we summarized the jurisprudence on the subject as follows: "In defending her judgment for alimony, the wife relies on Article 160 of the Civil Code, which allows a divorced wife alimony when she 'has not sufficient means for her maintenance'. The alimony provided for in Article 160 is, under the jurisprudence of this state, in the nature of a pension accorded by law to the wife. This alimony or pension is nothing more than a pure gratuity which the court may allow and fix in its discretion at an amount not to exceed one-third of the husband's income, and is revocable when it becomes unnecessary. [Numerous cases are cited here.]

■ "In Fortier v. Gelpi, supra (195 La. 449, 197 So. [138] 140), this court said:

"'* * * The test by which the court must be guided in such cases in fixing the amount of the alimony or pension is not what it takes to support the divorced wife in the manner in which she has been accustomed to live, but what will provide her with "sufficient means for her maintenance." In arriving at this amount, necessarily the husband's ability to pay must be taken into consideration. * * *' [Numerous cases are cited here.]

"In Smith v. Smith, supra, this court had occasion to consider the meaning of the phrase 'sufficient means for her maintenance' in Article 160, and concluded that 'maintenance' as this word is used in the article includes primarily food, shelter, and clothing. The amount necessary for maintenance is to be determined by the facts and

circumstances of each particular case, within the sound discretion of the trial judge, but, inasmuch as there is no longer an obligation under Article 120 for the husband to support the wife and the alimony is nothing more than a pension or gratuity, the trial judge in fixing the amount is not bound by the manner in which the wife has been accustomed to live."

In the instant controversy we find from the record that Mrs. Rabun, at the time of the trial, was employed at a net salary of approximately $125 per month. Additionally, she owned (as a result of a community property settlement) the following: cash on deposit $3,705.47; a home valued at $13,000, but subject to a mortgage indebtedness of $8,123.23 which she assumed; household furniture and fixtures; a 1951 Studebaker automobile; and a $2,500 promissory note executed by Mr. Rabun, it bearing interest and being payable within three years in annual installments. Omitting the household furnishings and the automobile, Mrs. Rabun had net assets valued at about $11,000.

■ In view of these net assets, of the mentioned monthly salary, and of our settled jurisprudence on the subject in question, we are forced to conclude that Mrs. Rabun has sufficient means for her maintenance and, therefore, is not entitled to any alimony for herself. She is approximately as "well off" as the divorced wife in each of the

above referred to three recent cases wherein it was held that sufficient means existed.

In Smith v. Smith, supra, the divorced wife's assets (as shown by the record in the case) consisted of bonds worth about $5,000, cash of approximately $3,000, and unsecured notes of the husband in the principal amount of $12,000. However, her only income was from the capital assets, she having been unemployed. In Brown v. Harris, supra, the wife was employed at a salary of $150 per month, but had assets of only $6,600 which consisted of building and loan stock that earned dividends of $16.50 per month. In Stabler v. Stabler, supra, the wife owned real estate valued at $25,000 on which there was a mortgage indebtedness of some $3,800. Her entire income was a net $120 per month received from rentals produced by the property; apparently she was physically unable to work.

■ It is appropriate to say here that the $150 per month award for the support of the minor son, of whom Mrs. Rabun has custody, is subject to a change, adjustment or modification at any time that circumstances justify it. (Incidentally, we notice from the record that in addition to paying that monthly alimony Mr. Rabun has been sending to the son, voluntarily, the sum of $12 per week for his music lessons, school lunches, entertainment, etc.)

For the reasons assigned the judgment appealed from is reversed and set aside in-

 

sofar as it awards alimony for the support of Mrs. Rabun, and her demand therefor is rejected. In all other respects the judgment is affirmed. Costs of this appeal shall be paid by Mrs. Rabun.

FOURNET, C. J., absent.