PRICE, Judge.
The sole question for resolution on this appeal is whether Helen Kimball Garrett, divorced wife of James Merrell Garrett, is entitled to permanent alimony under the provisions of Article 160 of the Louisiana Civil Code.
There is no dispute as to the facts giving rise to this litigation. The wife obtained a separation from bed and board in March of 1965 and made no request for alimony at that time. An agreement was executed between the parties on the same date as the separation judgment, which gave the wife one-third of the revenues derived from the Garrett Insurance Agency, which formerly belonged to the community of ac-quets and gains existing during her marriage with Mr. Garrett. She was also given the right of occupancy of the matrimonial domicile. In May, 1966, Mrs. Garrett filed suit for final divorce and prayed for permanent alimony. The judgment of divorce signed on March 10, 1967, rejected her demand for permanent alimony. In June, 1967, Mrs. Garrett filed a rule again seeking alimony and the court, by judgment dated June 10, 1967, awarded her the sum of $250.00 per month with the provision that any sum received by her from the Garrett Insurance Agency be credited against this alimony award.
In February, 1969, Mr. Garrett filed a rule seeking to modify the June 16, 1967, judgment by terminating the alimony to his former wife. The petition in rule alleges that Mrs. Garrett is not entitled to alimony under Article 160 of the Louisiana Civil Code as she has sufficient means for her maintenance in that she has property received under a final community property settlement in the sum of $27,500.00.
On the trial of the rule the evidence disclosed that Mrs. Garrett received the sum of $27,500.00 from Mr. Garrett for her interest in properties formerly belonging to the community, including the insurance agency. She had previously received certain household furniture, furnishings and *214 an automobile at the time of the original separation decree. It was disclosed that she had deposited $20,000.00 of her funds in a building and loan association, which was earning approximately $87.50 per month. She had the remainder, of $7,300.-00, in a checking account. It was stipulated that Mrs. Garrett had living expenses of at least $250.00 per month.
On the basis of these undisputed facts, the trial judge, relying on the case of Loe v. Loe, 131 So.2d 106 (Ct.App., 2d Cir., 1961), was of the opinion that Mrs. Garrett was not obligated to use up this amount received from a community property settlement before being classified as without means sufficient for her support, and rejected the request to terminate the alimony. The judgment was modified, with the acquiescence of Mrs. Garrett, to reduce the monthly installment by $87.50, which was the amount of income being received by her from the investment of the $20,000.00. Mr. Garrett perfected this appeal, assigning as error the refusal of the trial court to terminate the alimony.
Article 160 of the Louisiana Civil Code reads as follows:
“If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.
“This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage.” (As amended by Act 1934, 2 E.S., No. 27).
The Supreme Court in the case of Montz v. Montz, 253 La. 897, 221 So.2d 40, compared the provision for alimony under Article 148 (after a separation from bed and board) and under Article 160 (permanent alimony). The court reviewed the controlling cases on this subject, beginning with Smith v. Smith, 217 La. 646, 47 So.2d 32, and held that a wife who had a home valued at $18,000.00, stock valued at $6,-000.00, and $6,000.00 in cash, could not be said to be without sufficient means for her maintenance. The court quoted from its previous language in the Smith case as follows :
“ ‘Article 160 makes no reference to the wife’s income and takes into consideration only her means of maintenance and whether they are sufficient or not. In other words, under Article 160, the Court is not concerned with the wife’s income as such but only with the means she has, including income, and whether they are sufficient for her maintenance. * * * ’ and in determining what is meant by the phrase ‘sufficient means for her maintenance’ declared, ‘Maintenance may be said to include primarily food, shelter, and clothing, and certainly property or means amounting to $20,000 ought to provide those necessities very readily. * * * ’ See also, Brown v. Harris, 225 La. 320, 72 So.2d 746; Stabler v. Stabler, 226 La. 70, 75 So.2d 12; Rabun v. Rabun, 232 La. 1004, 95 So.2d 635.”
In the Smith v. Smith case, supra, the wife possessed property worth $20,000.00. In Brown v. Harris, supra, the wife had received property from the community valued at $7,315.01 and earned $150.00 per month. She was held to have sufficient means. In Stabler v. Stabler, supra, the wife was unemployed and suffered from chronic bronchitis. Since she had property valued at $25,000.00, encumbered by a $3,- *215 600.00 mortgage, and a rental income of $120.00 per month, the court held she was not entitled to alimony as she had sufficient means for her maintenance.
In the more recent case of Leavines v. Leavines, 224 So.2d 26, the Fourth Circuit Court of Appeal considered a wife owning property valued at 30,000.00, which brought in an income of $200.00 per month, not entitled to alimony. Application for writs were refused by the Supreme Court.
We believe the case of Loe v. Loe, supra, relied on by the trial judge is distinguishable upon its facts. There the wife only received $5,000.00 from a property settlement and was earning $250.00 per month. The court found that there was no change in circumstances as the trial judge took her future earnings into consideration in fixing the alimony and considered the amount of property received by her from the community as not being sufficient for her maintenance.
Now that Mrs. Garrett has received her share of the community and has full control over funds or property with a value in excess of $27,300.00, in view of the Montz case and others cited therein, we must say that she has sufficient funds for her maintenance at the present time and is not entitled to alimony as provided by Article 160. The last paragraph of this article provides that the alimony shall be revocable in case it should become unnecessary.
The judgment appealed from is therefore reversed and it is hereby ordered that the judgment of June 10, 1967, ordering the payment of alimony by James Merrell Garrett to Helen Kimball Garrett is hereby annulled, reserving, however, to Helen Kim-ball Garrett her right to apply for alimony in the future if her circumstances require its payment.
Under the authority granted by Article 2164 of the Code of Civil Procedure, all costs, including costs of this appeal, are taxed against appellant.