MORRIS, Judge.
Plaintiff, James L. Griffin, brought this suit against his wife, Freddie McMath Griffin, for an absolute divorce based on two years separation. A rule was prayed for and issued to defendant to show cause why custody of the minor child, Stephen King Griffin, born issue of the marriage, should not be awarded to the defendant and alimony for the care, maintenance and support of said minor child fixed at $100 per month. At the time of the hearing on the rule defendant answered to the merits and by agreement the whole case was taken up and tried. In her answer defendant prayed for alimony in the sum of $500 per month for her own care, support and maintenance and the sum of $200 per month for the care, support and maintenance of the *871 minor child, Stephen King Griffin. In a pretrial statement it was agreed that support for the minor would be fixed at $200 per month. Judgment was rendered by the trial court granting the final divorce and awarding the defendant $200 per month alimony for her own support, and $200 per month for the support of the minor child as stipulated, until he reaches the age of majority on July 30, 1975. Defendant appeals this judgment and assigns as error the failure of the trial court to grant her $500 per month alimony as prayed for.
Plaintiff-appellee has filed a motion to dismiss the appeal on the grounds that (1) a suspensive appeal, which is not permitted under Article 3943 of the Louisiana Code of Civil Procedure, was taken, and (2) defendant-appellant has acquiesced in the judgment rendered by the trial court by praying in her answer that the divorce be granted.
The Motion for Appeal prays for a devolutive appeal and the Order grants a “suspensive and/or devolutive” appeal. The fact that both were taken does not affect the right to a devolutive appeal, Succession of Daigle, 29 La.Ann. 524 (La.1875) and we find this inadvertence of no consequence.
The defendant-appellant has not acquiesced in that part of the judgment awarding alimony, and, therefore, is not precluded from appealing that part of the judgment found objectionable. Article 2085 of the Louisiana Code of Civil Procedure.
We find the grounds asserted by plaintiff-appellee for dismissal of the appeal without merit and accordingly deny same.
Plaintiff-appellee filed a purported answer to the appeal entitled “Answer and Original Brief filed on behalf of James L. Griffin, Plaintiff-Appellee.” The return date on the appeal was March 27, 1975, and the record was actually lodged on March 12, 1975. Under Article 2133 of the Louisiana Code of Civil Procedure plaintiff-appellee had 15 days from March 27, 1975, in which to answer the appeal. Thus the filing of this purported answer on April 21, 1975, is too late and no affirmative relief can be granted plaintiff-appellee. We cannot consider the argument made by plaintiff-appellee under Frederic v. Frederic, 302 So.2d 903 (La.1974) and Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950) for a reduction in the alimony of the wife. Our review is therefore limited to the relief sought by defendant-appellant — whether alimony for the wife should be increased to $500 per month.
Besides the minor child, Stephen King Griffin, the defendant-appellant maintains in her household a daughter who is over the age of 18 years, for whom no support was requested. ' Mrs. Griffin made a detailed list of her monthly expenses in the sum of $459.90, which included expenditures for herself, the minor child and this daughter living with her. It would appear that these expenses should be attributed one-third to each of them, and the portion credited for the wife and the minor child would be a little over $300 per month. In addition, Mrs. Griffin had personal expenses of $146.82 per month, although a nonrecurring cost for a correspondence course was included. Mrs. Griffin also testified as to monthly automobile expenses of $133.11 and other expenses for the minor child in the sum of $60.80. Some of the items to which Mrs. Griffin testified seemed high but there is no doubt that she has substantiated needs in the amount allowed by the trial court, as her figures for her own expenses and those of the minor exceed $500 per month.
Mr. Griffin has a net monthly income of $1,251.96 per month plus a commission payable in June of each year which usually runs around $2,000. He testified as to personal expenses of $819.18 per month, some of which covered expenditures for the major daughter.
*872 Although the award of the trial court seems on the low side, it does not appear that there was an abuse of discretion. Furthermore, when the minor child becomes of age in July there will be an opportunity for an adjustment of the award made to the wife.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s costs.